# Charleston.

## SUPERVISORS OF FAYETTE COUNTY *vs.* ELIZABETH RULE.

### January Term, 1872.

A case in which the order of the court below granting a writ of *mandamus* against the board of supervisors, to require them to levy for the payment of a farm alleged to have been bought by the overseers of the poor in 1861, and confirmed by an order of the so-called county court of F. county, in 1864, is reversed, because it does not appear by any evidence in the record that there ever was a contract in writing for the purchase of the farm, as alleged in the petition, and the same being denied, or any order of the board purchasing the farm.

The opinion of Moore, J., contains a full statement of this case.

*J. W. Davis* for the appellants.
*Price & Sperry* for the appellee.

MOORE, J. Elizabeth Rule, in 1866, filed her petition in the circuit court of Fayette county, alleging that the overseers of the poor of said county, with the assent of the county court, did, in March, 1861, purchase of her a tract of land situate in said county, containing two hundred acres, for the use of the poor of said county, at the price of one thousand six hundred and fifty dollars, to be paid for as follows: Six hundred dollars December 25th, 1861; five hundred and fifty dollars December 25th, 1862, and five hundred dollars December 25th, 1863; that immediately after the purchase the said overseers took possession of the premises, and have held possession thereof to the time of filing said petition; that the contract was in writing, duly signed by the parties and filed with the

records of the said overseers; that the overseers had neglected and failed to pay her the purchase money, and that the whole of it was still due and unpaid; that the petitioner applied to the supervisors of Fayette county, at their regular session, to lay a levy for the purchase money, but the supervisors declined and refused so to do. She therefore prayed that the supervisors be required to levy for the said claim, &c. The motion was docketed in said circuit court, September 18th, 1866. The cause was afterwards transferred to the circuit court of Nicholas county and docketed there November 2d, 1869.

The defendants filed their answer to the said petition November 8th, 1870, by which they deny the allegations in the plaintiff's petition; to which answer the plaintiff replied generally.

It appears by the bill of exceptions, that on the hearing of the cause, the only evidence offered was an order of the county court of Fayette county, made at the March term, 1864, which states that "George Campbell, James H. Alderson and Thomas Henderson, who were heretofore appointed a committee to select a suitable tract of land on which to erect a poor house for the benefit of this county, this day submitted their report to the court, and recommended the purchase of a tract of land belonging to Elizabeth Rule, situated on the Horseshoe, and described as follows: Number of acres, two hundred, more or less; price of purchase and terms, sixteen hundred and fifty dollars; payments as follows: On the 25th day of December, 1861, six hundred dollars; on the 25th day of December, 1862, five hundred and fifty dollars, and on the 25th day of December, 1863, five hundred dollars, which recommendation the court adopts and confirms."

At a meeting of the board of supervisors of Fayette county, held on the 13th day of February, 1866, "it was resolved, that William Tyree be notified that this board will not take action upon the purchase made by the county court of Fayette county, in 1861, of a farm known as the "poor farm," until such contract and evidence of contract be presented to this board in writing at one of its regular meetings."

The board of supervisors, at its meeting on the 20th day of July, 1866, had the said report of the said commissioners

entered, as it had "been inadvertently omitted at the last sitting of the board," and action on said report was deferred for further consideration of the board. (The report is the same as that entered at the so-called county court, March term, 1864). Upon the entry of said report, Elizabeth Rule moved the board that a levy be made to discharge the claims set forth in the said report, but it was ordered that no action be taken upon said report at that meeting, the same being continued for further consideration, until the next regular meeting of the board.

There was also in evidence a deed from Elizabeth Rule, William Tyree and Sarah C. Tyree, his wife, to the overseers of the poor of Fayette county for two hundred acres of land lying on the waters of Horseshoe creek, &c., dated 9th September, 1870. Upon this evidence the circuit court of Nicholas county, on the 8th day of November, 1870, directed that a peremptory writ of *mandamus* issue, commanding the defendants to levy on the county of Fayette, the amount of said purchase money and interest due thereon, and costs of this proceeding, &c. From that order the defendants have appealed.

There is no evidence, so far as this record shows, of a contract between the parties for the purchase of said land. The petition states there was a contract in writing, but the answer gives a direct denial. If there had been such a contract in writing, the petitioner should have produced it or accounted for its non-production and proved its contents. She has rested her cause upon the vague orders of the board of supervisors. Those orders are conclusive of only one thing, and that is, that commissioners had been appointed to select a suitable tract of land on which to erect a poor house for the benefit of the county, and that they recommended the purchase of a tract of land belonging to Elizabeth Rule. There is nothing in the record to show that the purchase was ever made; but on the contrary, the board simply had the question of purchase under consideration, and never concluded it.

Whatever may be the true state of facts between the parties, this court can know nothing outside of what the record here shows; and it certainly does not show any of the essentials of a contract; it does not show any right on the part of

the petitioner to demand the writ of *mandamus*, and the court below erred in directing it. Therefore the judgment must be reversed, with costs here, and the petition for the *mandamus* dismissed with costs below.

The other judges concurred.

JUDGMENT REVERSED.